UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RANDY HOPKINS, *on behalf of himself and those similarly situated*, <br><br> Plaintiff, <br><br> vs. <br><br> ADVANCED CALL CENTER TECHNOLOGIES, LLC; CHRISTOPHER DEBBAS; JOSEPH LEMBO, and JOHN DOES 1 to 10, <br><br> Defendants. | Civil Action No. 2:20-cv-06733-AME <br><br><br><br> **ORDER ENTERING FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT AGREEMENT** |

**THIS MATTER** having come before the Court for a hearing on February 9, 2023 at 2:00 p.m. pursuant to the Court's Orders [ECF Nos. 73, 76] and, based on the papers submitted and the arguments of counsel, the Court finds that:

(A)     *Class Defined*. The Agreement [ECF No. 78-_7_ at ¶1.e.] defines the Class as follows:

> All natural persons to whom a letter on the letterhead of Advanced Call Center Technologies, LLC was mailed to a New Jersey address on or after May 30, 2019 but before August 30, 2021 and the letter is titled "FIRST NOTICE" and included "RE: JCPenney Credit Card Account."

(B)     *Class Claims*. The Agreement [ECF No. 78-_7_ at ¶1.f.] defines the Class Claims as "the claims of each Class member excluding Plaintiff from [sic] arising from Defendants mailing of a letter described in the Class definition."

(C)   *Class Notice; No Objections.* The Court initially granted preliminary approval of the Agreement by Order [ECF No. 73] on September 29, 2022. That Order also approved the form and method for service of notice to the members of the Class and directed notice to the federal and state officials as required by 28 U.S.C. § 1715. Based on the Declarations of the Administrator [ECF Nos. 74, 77], the members of the Class were mailed the Class Notice on October 14, 2022 and the federal and state officials were mailed their notice on October 13, 2022. In response to those notices, no Class member requested to be excluded from the Class and no one has filed any objection to the Court approving the Agreement.

(D)   *Settlement is Fair, Reasonable, and Adequate.* Having considered the factors under FED. R. CIV. P. 23(e)(2) and *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975), the Court concludes the Class Action Settlement Agreement is fair, reasonable, and adequate.

(E)   *Incentive Award is Reasonable.* The $1,000 incentive award to Plaintiff as provided for in the Agreement is reasonable. *Varacallo v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 207, 257 (D.N.J. 2005) ("The Court finds ample authority in this and other circuits for the approval of incentive awards.") (collecting cases approving $1,000 to $50,000 incentive awards).

(F)   *Attorney's Fees are Reasonable.* Based on the Declarations [ECF Nos., 71-2, 71-3, 78-1, and 78-6 concerning the experience, time expended, and hourly rates of Class Counsel, the time expended and hourly rates are reasonable.

Applying the lodestar method results in a fee in excess of the amount agreed upon in the Agreement. Therefore, that amount, $51,000, is a reasonable attorney's fee.

(G)  For the foregoing reasons and the reasons stated on the record at the hearing on February 9, 2023, Plaintiff's application for approval of the Class Action Settlement Agreement should be granted.

Accordingly, and for good cause shown, the Court hereby **ORDERS, ADJUDGES, and DECREES** as follows:

1. The Court has jurisdiction over the subject matter of this Civil Action, the Parties, and all members of the Class.

2. The Court approves the Class Action Settlement Agreement and declares that Agreement to be fair, reasonable, and adequate within the meaning of FED. R. CIV. P. 23(e)(2). The capitalized terms in this Order shall have the same meaning as set forth in the Agreement. Accordingly:

    a. This Order is the Final Approval Order.

    b. The Parties and Class Counsel are hereby directed to fully execute and satisfy all duties and obligations set forth in the Agreement.

    c. In accordance with ¶3.a. of the Agreement, each Remaining Class Member releases Defendants of the Class Claims.

    d. In accordance with ¶3.b. of the Agreement, Plaintiff releases Defendants from all claims arising from a Defendant's conduct occurring on or before June 8, 2022 relating to the debt identified in

the Letter, a copy of which is attached to the Complaint and Amended Complaint.

  e. The Administrator shall distribute the Class Fund to the Remaining Class Members within the time provided in the Agreement.

3. The Court approves the award of $2,000 to the Plaintiff including an incentive award of $1,000.00.

4. The Court approves the award of $51,000 to Class Counsel for attorneys' fees, costs, and litigation expenses.

5. The Court approves the Plaintiff's request to designate Legal Services of New Jersey as the Beneficiary to receive any undistributed Class Funds.

6. This Order resolves all issues as to all parties in this action.

7. The Court further reserves and retains exclusive and continuing jurisdiction over the administration and enforcement of the Agreement to effectuate its terms.

**IT IS SO ORDERED.**

Dated: February 9, 2023

*/s/ André M. Espinosa*
_____
HONORABLE ANDRÉ M. ESPINOSA,
UNITED STATES MAGISTRATE JUDGE